UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MARIE MATHURIN,                                             No.: 1:19-cv-6492

                              Plaintiff,          **COMPLAINT AND DEMAND FOR JURY TRIAL**

      -against-

PERSONAL-TOUCH HOME CARE OF N.Y., INC.,

                              Defendant.
------------------------------------------------------------------------X

      Plaintiff, MARIE MATHURIN, by and through her attorneys, MARK DAVID SHIRIAN P.C., complaining of the Defendant, PERSONAL-TOUCH HOME CARE OF N.Y., INC. (hereinafter referred to as "Defendant" or "Personal-Touch"), respectfully alleges as follows:

## NATURE OF COMPLAINT

1. This is an action seeking damages to recover lost benefits and wages, and an additional amount as liquated damages, interest, compensatory damages, reasonable attorneys' fees and costs against Defendant for violations of Plaintiff's rights protected by the Family Medical Leave Act ["FMLA"].  Specifically, Defendant interfered with Plaintiff's right to take leave under the FMLA, pursuant to 29 U.S.C. § 2615(a) (1) and discriminated against her for applying for FMLA leave, and for racial discrimination in violation of New York State Human Rights Law, New York Executive Law 290 et seq., and caregiver status discrimination in violation of New York City Admin. Cod. §8-107, and for wrongful termination.

2. Plaintiff applied for FMLA leave because of her brother's unfortunate battle with HIV/ AIDS and schizophrenia, however, defendant terminated Plaintiff's employment mere weeks after she applied for FMLA, even though Plaintiff had been employed by Defendant for twenty-five years prior. Rather than help Plaintiff confront these issues by processing her

1

FMLA request, however, PERSONAL-TOUCH decided to terminate her employment.

3. Although Defendant has offered a host of bogus justifications for the termination such as lateness, it is clear that the termination was based on discrimination against Plaintiff because of her race, caregiver status and request for FMLA leave. Indeed, each of the offered explanations is pretextual, and in any event, none of those reasons would be a sufficient basis for terminating her employment.

## JURISDICTION AND VENUE

4. Jurisdiction of this action is conferred upon the court as this action involves a federal question under the FMLA. This Court has supplemental jurisdiction over Plaintiff's New York State Human Rights Law ("NYSHRL"), New York Executive Law 290 *et seq.*, N.Y. Exec. L 296 *et seq.* and New York City Admin. Cod. §8-107. claims as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue properly lies in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) as many of the acts giving rise to this action occurred in this District.

## PARTIES

6. Plaintiff, MARIE MATHURIN (hereinafter referred to as "MATHURIN") is a Haitian-American female, currently residing in the State of New York, County of Queens and is a former employee of Personal-Touch.

7. Defendant Personal-Touch is a domestic business corporation incorporated under the laws of the State of New York, with its principal locations at 186-18 Hillside Avenue, Jamaica, NY 11432, 222-15 Northern Boulevard, Bayside, NY 11361 and/or 3632 Nostrand Avenue, 4th Floor, Brooklyn, NY 11229.

8. Defendant is primarily engaged in providing nursing and home health aide and healthcare services at the residences of its clients.

## MATERIAL FACTS

9. Plaintiff was hired by Personal-Touch in 1994 as a Home Health Aide.

10. After approximately fifteen years as a Home Health Aide, Plaintiff was promoted as a coordinator in or around 2014.

11. Plaintiff worked at Personal-Touch's Queens location, which was located at 186-16 Hillside Avenue, Jamaica, New York 11042.

12. Throughout the course of her employment with Defendant, Plaintiff experienced discrimination because she believes she is non-Hispanic.

13. For example, Plaintiff asked for vacation time off but was usually denied time off for no apparent reason.

14. However, similarly situated Hispanic Care Coordinators' requests for vacation and time off were usually granted without any questions asked.

15. In or around April 2019, Plaintiff was offered by Diana Pimentel (hereinafter "Pimentel"), Human Resources Manager, an opportunity to help in the front desk as a receptionist / coordinator.

16. Marlie Pierre-Paul, Plaintiff's manager, informed Plaintiff that Defendant was considering Plaintiff for the coordinator position as a permanent position and would speak to Ms. Pimentel about Plaintiff's candidacy for the coordinator position.

17. Plaintiff emailed her resume to Ms. Pimentel in order to be considered for the open coordinator position.

18. However, Marlie Pierre-Paul informed Plaintiff that the coordinator position was

given to a Hispanic male who had been employed by Defendant for merely six months prior.

*Plaintiff Applies for FMLA Leave*

19. In or around 2000, plaintiff's brother was diagnosed with HIV/AIDS, a serious health condition recognized under all applicable statutes.

20. Plaintiff's brother was also diagnosed with schizophrenia and bipolar disorder.

21. Plaintiff's brother is disabled under the Americans with Disabilities Act and became incapable of self-care.

22. In or around 2019, Plaintiff's mother, who assisted with the care of Plaintiff's brother, moved out of New York State.

23. As a result, plaintiff was forced to take care of her brother, and offer him emotional and physical support and caretaking duties like a parent would (*in loco parentis*.)

24. In or around May 22, 2019, Plaintiff informed Defendant about her brother's declining health and her need to spend time taking care of her brother in light of his declining illness.

25. Plaintiff then requested FMLA leave from Defendant, her employer, with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. §2611(2)(i).

26. Further, Plaintiff had at least 1,250 hours of service with Defendant during the prior twelve (12) months.

27. Plaintiff was entitled to leave, pursuant to 29 U.S.C.A. §2612(a)(1) due to her brother's serious health condition.

28. Plaintiff was clearly an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. §2611 (2)(a)(i)(ii).

29. Plaintiff planned to take FMLA leave to provide financial, physical, emotional and psychological care to her brother and even intended to sleep at her brother's residence periodically.

30. Plaintiff planned on performing caregiving duties like a parent would, in light of her mother's move outside of New York.

31. In or around May 22, 2019, Plaintiff submitted FMLA paperwork to Ms. Pimentel.

32. However, Ms. Pimentel informed Plaintiff that one of the documents was not signed by a doctor and Ms. Pimentel returned the FMLA form to Plaintiff.

33. Before Plaintiff had the opportunity to resubmit the FMLA form, Plaintiff was abruptly terminated for lateness on or about June 12, 2019 by Ms. Pimentel and Ms. Pierre-Paul.

34. At all times relevant hereto, plaintiff was an exemplary employee. Plaintiff demonstrated that she was highly qualified and hardworking.

35. These purported findings are pretext for discrimination due to her race, caregiver status, and her attempt to apply for FMLA benefits.

36. At no time, Plaintiff never received a formal approval nor denial with respect to her FMLA request.

37. Plaintiff believes that by exercising her rights under the FMLA, specifically, by applying for FMLA leave, was viewed as a negative and/or motivating factor by the Defendant in connection with their decision to terminate her employment.

## FIRST CAUSE OF ACTION
## Violation of the Family and Medical Leave Act ("FMLA")
### (Interference)
### -Against Defendant-

38. Plaintiff repeats and incorporates by reference the allegations stated above as if they

were set forth in full herein.

39. At all times mentioned in this complaint, the Family and Medical Leave Act (FMLA) was in full force and effect and was binding on Defendant.

40. The FMLA provides that eligible employees are entitled to take up to 12 weeks of leave in any 12-month period because of a serious health condition that makes the employee unable to perform the functions of the position of such employee, pursuant to 29 U.S.C.A. §2612.

41. Pursuant to 29 U.S.C. § 2615 (a)(1), "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right under the FMLA."

42. Plaintiff was clearly an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. §2611 (2)(a)(i)(ii).

43. Plaintiff requested FMLA leave from Defendant, her employer, with whom she had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. §2611(2)(i).

44. Further, Plaintiff had at least 1,250 hours of service with Defendant during the prior twelve (12) months.

45. Plaintiff was entitled to leave, pursuant to 29 U.S.C.A. §2612(a)(1) due to her brother's serious health condition.

46. Defendant was aware of its responsibilities under FMLA and that Plaintiff was entitled to FMLA in light of her brother's serious condition.

47. Defendant violated Plaintiff's FMLA rights by failing to provide Plaintiff with appropriate leave under the applicable provisions of the FMLA.

48. Unlawful "[i]nterfering with the exercise of an employee's rights ... includes[s], for example, not only refusing to authorize FMLA, but discouraging an employee from using such leave." 29 C.F.R § 825.220(b).

49. Defendant by failing to provide Plaintiff with appropriate leave under the applicable provisions of the FMLA, prejudiced Plaintiff by proximately causing damages to Plaintiff, including but not limited to losses in wages, salary and employment benefits.

50. Defendant willfully interfered with, restrained, and /or denied Plaintiff's exercise of her FMLA rights by terminating her employment before Plaintiff was able to resubmit her request for FMLA, and by failing to approve or disapprove her FMLA request.

51. As a direct result and proximate result of defendant's intentional, willful, malicious, and interference of Plaintiff's FMLA rights, plaintiff lost employment benefits, and other compensation, in an amount to be proven at trial.

52. As a result of Defendant's willful violations of the FMLA, which were not made in good faith, Plaintiff is entitled to liquidated damages under 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount to be proven at trial.

53. Therefore, Plaintiff sues Defendant pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 *et. seq.*

## SECOND CAUSE OF ACTION
## Violation of the Family and Medical Leave Act ("FMLA")
## (Discrimination)
## -Against Defendant-

54. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

55. The FMLA provides that "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made

unlawful by this subchapter [of the FMLA]." 29 U.S.C. § 2615(a)(2). The FMLA further provides that "the Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights." 29 C.F.R. § 825.220(c). "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions; nor can FMLA leave be counted under no fault attendance policies. . . . . " *Id.*

56. Defendant discriminated against plaintiff by terminating her employment a few weeks after she attempted to exercise her right to take FMLA leave.

57. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to plaintiff's rights.

58. As a direct and proximate result of defendants' unlawful actions, plaintiff lost her wages, salary, employment benefits, and other compensation, and suffered other monetary losses, in an amount to be proven at trial.

59. As a result of defendant's willful violations of the FMLA, which were not done in good faith, plaintiff is entitled to liquidated damages under 29 U.S.C. §2617(a)(1)(A)(iii), in an amount to be proven at trial.

**THIRD CAUSE OF ACTION**
**Racial Discrimination in Violation of the New York City Admin. Cod. §8-107**
**(Racial Discrimination)**
**-Against Defendant-**

60. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

61. Plaintiff alleges that the foregoing actions by Defendant violate the New York City Administrative Code § 8-107, in that Defendant discriminated against Plaintiff on the basis racial by subjecting her to discrimination because of her non-Hispanic heritage and Haitian race.

62. Defendant was, at all relevant times, Plaintiff's "employer" within the meaning of New York City Administrative Code 8-102(5).

63. As part of its pattern and practice of employment discrimination, Defendant PERSONAL-TOUCH through its agents subjected Plaintiff to racial discrimination and failed to take corrective action, in violation of New York City Administrative Code 8-107 and 8-502 (a).

64. Defendant PERSONAL-TOUCH has engaged in unlawful discrimination by: a) engaging in a pattern or practice of unlawfully failing to hire and/or to recruit non-Hispanic applicants and job seekers, including Plaintiff, for the coordinator position because of her race and/or national origin; and b) maintaining policies and/or engaging in employment practices that have a disparate impact on non-Hispanic applicants, employees and job seekers.

65. Defendant PERSONAL-TOUCH knew or should have known about the racial discrimination in the workplace.

66. Defendant PERSONAL-TOUCH failed and refused to take appropriate action to end the racial discrimination to which Plaintiff was subjected to, which was clearly a demonstration of bad faith.

67. The Defendant's discrimination against Plaintiff was committed with reckless and callous disregard of her right to a workplace free from discrimination based racial.

68. As a result of the Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre-post judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

69. Defendant failed to comply with its duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

### FOURTH CAUSE OF ACTION
### Racial Discrimination in Violation of the New York City Admin. Cod. §8-107
### (Caregiver Discrimination)
### -Against Defendant-

70. Plaintiff repeats and incorporates by reference the allegations stated above as if they were set forth in full herein.

71. Plaintiff alleges that the foregoing actions by Defendant violate the New York City Administrative Code § 8-107, in that Defendant discriminated against Plaintiff on the basis of her caregiver status by terminating her employment after Defendant became apprised of Plaintiff's brother's illness and because of her caregiver status.

72. Plaintiff was, at all relevant times, a "caregiver who provides direct and ongoing care for a minor child or a care recipient' within the meaning of N.Y.C. Admin. Code § 8-102(30)(a).

73. As part of its pattern and practice of employment discrimination, Defendant PERSONAL-TOUCH through its agents subjected Plaintiff to caregiver discrimination and failed to take corrective action, in violation of New York City Administrative Code 8-107 and 8-502 (a).

74. Defendant PERSONAL-TOUCH knew or should have known about the caregiver discrimination in the workplace.

75. Defendant PERSONAL-TOUCH failed and refused to take appropriate action to end the caregiver discrimination to which Plaintiff was subjected to, which was clearly a demonstration of bad faith.

76. The Defendant's discrimination against Plaintiff was committed with reckless and callous disregard of her right to a workplace free from discrimination based on caregiver status.

77. As a result of the Defendant's unlawful conduct, Plaintiff is entitled to compensatory damages, punitive damages, pre-post judgment interest, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CAUSE OF ACTION**
**Racial Discrimination in Violation of the New York State Human Rights Law**
**(Racial Discrimination)**
**-Against Defendant-**

78. Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

79. Defendant discriminated against Plaintiff in violation of the New York State Human Rights Law by creating, fostering, condoning, accepting, ratifying and/or otherwise failing to prevent or to remedy workplace discrimination, that included, among other things, severe and pervasive harassment and termination of Plaintiff's employment because of her race and her status as a non-Hispanic employee.

80. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer monetary and/or economic damages, but not limited to, loss of past and future income, compensation and benefits.

81. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the New York State Human Rights Law, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

### SIXTH CLAIM OF RELIEF ON BEHALF OF PLAINTIFF
### WRONGFUL TERMINATION
### New York City Administrative Code § 8-107
### (Brought against Defendant)

82. Plaintiff re-alleges and incorporates by reference each and every allegation in this Complaint as though fully set forth herein.

83. Plaintiff is a former employee of Defendant.

84. Plaintiff was wrongfully terminated after Defendant became apprised of her caregiver status and because of her non-Hispanic status.

85. Defendant lacks a meaningful and responsive procedure for investigating complaints of discriminatory practices by employees, agents, and persons employed as independent contractors and for taking appropriate action against those persons who are found to have engaged in such practices.

86. Defendant fails to effectively communicate a firm policy against such practices to employees, agents, and persons employed by Defendant.

87. Defendant lacks a program to educate employees and agents about unlawful discriminatory practices under local, state, and federal laws.

88. As a result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer harm, including but not limited to lost earnings, lost benefits, lost future employment opportunities, humiliation, embarrassment, reputational harm, emotional and physical distress, mental anguish, and other economic damages and non-economic damages.

89. Plaintiff is entitled to all remedies available for violations of the New York City Human Rights Law, including back pay, front pay, compensatory damages, punitive damages, attorney's fees, costs, and other appropriate relief.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, as follows:

a. Declaring that Defendant engaged in unlawful employment practices prohibited by the FMLA, by interfering with Plaintiff's entitlement to FMLA leave, and discriminating against plaintiff for applying for FMLA leave by terminating her shortly thereafter;

b. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful interference of Plaintiff's FMLA entitlement and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

c. Awarding statutory liquidated damages to Plaintiff, pursuant to FMLA;

d. Compensatory and consequential damages in an amount to be determined at trial;

e. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, and the City and State of New York.

f. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

g. Order Defendant to make whole Plaintiff, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, lost bonuses, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

h. Order Defendant to make whole Plaintiff, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

i. Order Defendant to make whole Plaintiff, by providing compensation for non-pecuniary losses, including emotional pain, suffering, mental anguish, embarrassment, and isolation, resulting from the unlawful employment practices described above, in amounts to be determined at trial;

j. Order Defendant to pay Plaintiff, punitive damages for its malicious and reckless conduct described above;

k. Punitive damages under New York City Administrative Code in an amount to be determined at trial;

l. Awarding Plaintiff reasonable costs and disbursement of this action, including her reasonable attorneys' fees;

m. Awarding Plaintiff such other and further relief as this Court may deem equitable, just

and proper to remedy Defendants' unlawful employment practices; and

n. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

Dated: November 17, 2019
New York, New York

                                            Respectfully submitted,

                                            MARK DAVID SHIRIAN P.C.

                                            By: _____
Mark D. Shirian, Esq.
228 East 45th Street, Suite 1700B
New York, NY 10017
Telephone: (212) 931-6530
Facsimile: (212) 898-0163
Email: mshirian@shirianpc.com
Bar No. (MS1202)
COUNSEL FOR PLAINTIFF